THOMAS STONE.

.VS.

CRESCENT ENCAMPMENT NO.1,

ORDER KNIGHTS OF TEMPERANCE

(IN LIQUIDATION)

No. 9575

COURT OF ALLEAL.

PARISH OF ORLEANS.

***********************

----------

----------

DINKELSPIEL. J.

DINKELSPIEL. J.

This matter comes before us on exceptions.
Plaintiff avers, that defendant, an incorporated body
of which he vas a mamber, did, on February    1920,
under an act of dissolution, appoint and elect liqui- .
-dators; that said Liquidators had charge of the prop-
-erty of defendant, and after sale the sum derived
from the property belonging to defendant corporation,
in which he claims to have an interest as a member
thereof of one undivided kxi share,notwithstanding his
membership, refused to acknowledge him as a member of
the Crescent Encampment No. 1, of Knights of Temperance,
whilst he claims to have been a member for many years;
that he regularly paid his dues, tendered payment
thereof in the usual manner in which payments were made
to said corporation, and that notwithstanding this fact
he was suspended or dropped from it's rolls during the
month of October, 1919; that all tenders of dues were
refused as well as reinstatement, the other members of
said defendant corporation desiring to keep membership
in order to increase their prorata in the liquid-tion.
Going on further, in his petition, plaintiff claims
that he was never legally removed from the roll of
membership and therefor entitled to full restoration
of his rights and to participate in the liquidation
of the corporation, but the Liquidators and defendants
have done everything in their power to prevent his
membership therefore to virtually confiscate what be-
longs to him as well as the other members of the cor-
poration in the property in the hands of the Liquida-
tors, and he finally prayed for judgment against said
corporation in Liquidation for the sum of One thousand

394

dollars,/or the equivolent of one member's interest in
and to the amount of money eventually to be apportioned
among the members of said corporation, in good stand-
ing, and finally for legal interest from judicial dem-
and and for costs.

To this petition there were two exceptions filed;
first. ìæsxììxaxpæns lis pendens and, second, no cause
of action;,finally on the trial of these exceptions
the Judge of the lower Court ordered that both the plea
of lis pendens, filed March, 34th. 1920 and the except-
ion of no cause of action, filed April, 15th. 1920, be
maintained and plaintiff's suit dismissed at his costs;
hence this appeal.

We cited. Hiller vs, Taylor, 114. L. 883. Davis vs.
Arkansas Southern Railway Co. 117 L. 320-323. Dullut
vs. Mc. Mannus. 37. A. 800. Hillard vs. Taylor. 114. L.
884. Borah vs. O'Neil. 116. L. 672. Improvement Co. vs.
Grasser. 119. L. 264.

The judgment appe-led from is therefore annulled,
avoided , and reversed, and the cause reinstated on
the docket of the District Court, and remanded for
further proceedings with the right reserved to plain-
tiff to amend his petition , and with the right reserved
to defendants to take such further action, either by
exception, or orh rwise as the nature and facts of the
case are allowable. The costs of this appeal to be
born by defendant, appellant, and the costs otherwise
to await the final determination of this case.

-Judgment Reversed and Remanded-